IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Eddie Lane, | ) Case No. 3:18-01386-JMC |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| New Gencoat, Inc.; Genesis Worldwide II Inc.; Pegasus Partners II L.P.; KPS Special Situation Funds L.P.; Gencoat Inc.; Genesis Worldwide Inc.; Mitsubishi Heavy Industries, Ltd; Mitsubishi Heavy Industries America, Inc.; Hitachi Ltd; Hitachi America, Ltd; Mitsubishi-Hitachi Metals Machinery, Inc; Mitsubishi-Hitachi Metals Machinery USA, Inc.; Primetals Technologies Ltd.; Primetals Technologies USA Holdings, Inc.; and Primetals Technologies USA LLC, | ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## **NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, defendant Genesis Worldwide II, Inc. ("Genesis II") hereby files this Notice of Removal, removing the above-captioned case from the Court of Common Pleas for the Fifth Judicial Circuit, Richland County, South Carolina to the United States District Court for the District of South Carolina, Columbia Division, and in support thereof, states as follows:

*Statement of Removal*

1.      On or about March 28, 2018, plaintiff Eddie Lane ("Plaintiff") commenced the above-captioned action in the Court of Common Pleas for the Fifth Judicial Circuit, Richland County, South Carolina by filing a summons ("Summons") and complaint ("Complaint"), which have been indexed at Case No. 2018-CP-4001758.

2.	Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Summons and Complaint are attached hereto and incorporated herein as Exhibit A.

3.	Plaintiff purported to serve Genesis II with copies of the Summons and Complaint in accordance with South Carolina Code § 15-9-245 on April 23, 2018.

4.	Genesis II has not yet filed a responsive pleading to the Complaint or otherwise taken any action in state court.

5.	Pursuant to 28 U.S.C. § 1441(a), removal is proper in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."

6.	Additionally, 28 U.S.C. § 1332(a) provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different states."

7.	Because this case involves claims in excess of $75,000 between citizens of different states, it lies within the original subject matter jurisdiction of this Court pursuant to 28 U.S.C. § 1332(a).

8.	In removing this matter to this Court, Genesis II does not intend to waive and expressly preserves any defenses available to it, including, but not limited to, improper service, lack of personal jurisdiction, and improper venue.

*Diversity of Citizenship*

9.	As alleged in the Complaint and upon information and belief, Plaintiff is a citizen and resident of South Carolina.  Compl., Ex. A, at ¶ 1.

10.	As set forth below, upon information and belief, none of the defendants is a citizen of South Carolina.

11. Upon information and belief, defendant New Gencoat, Inc. is a Delaware corporation with its principal place of business located in Wisconsin. *See id.* at ¶ 5. As a result, New Gencoat, Inc. is not a citizen of South Carolina. As evidenced by the consent form attached hereto and incorporated herein as Exhibit B, New Gencoat, Inc. consents to removal of this action.[1]

12. Genesis II is a Delaware corporation with its principal place of business located in Pennsylvania. *See* Compl., Ex. A, at ¶ 4. As a result, Genesis II is not a citizen of South Carolina.

13. Upon information and belief, defendant Pegasus Partners II L.P. is a Delaware limited partnership. *See id.* at ¶ 6. None of the partners of Pegasus Partners II L.P. is a citizen of South Carolina. As a result, Pegasus Partners II L.P. is not a citizen of South Carolina. As evidenced by the consent form attached hereto and incorporated herein as Exhibit C, Pegasus Partners II L.P. consents to removal of this action.

14. Upon information and belief, defendant KPS Special Situations Fund L.P. was a Delaware limited partnership that dissolved in 2010 and no longer exists. *See* Compl., Ex. A, at ¶ 7. As a result, KPS Special Situations Fund L.P. is not a citizen of South Carolina.

15. Upon information and belief, defendant Gencoat, Inc. was a Wisconsin corporation that filed bankruptcy in 2001 and no longer exists. *See id.* at ¶ 2 ("Defendant Gencoat, Inc. … *was* a Wisconsin corporation….") (emphasis added). As a result, Gencoat, Inc. is not a citizen of South Carolina.

---

[1] By obtaining consents to removal from all non-nominal defendants, as further explained herein, Genesis II does not intend to admit and is not admitting that Plaintiff has properly served any defendant.

16. Upon information and belief, defendant Genesis Worldwide, Inc. was an Ohio corporation that filed bankruptcy in 2001 and no longer exists. *See id.* at ¶ 3 ("Defendant Genesis Worldwide Inc. … *was* a [sic] Ohio corporation….") (emphasis added). As a result, Genesis Worldwide Inc. is not a citizen of South Carolina.

17. Upon information and belief, defendant Mitsubishi Heavy Industries, Ltd. is a Japanese corporation with its principal place of business located in Tokyo, Japan. *See id.* at ¶ 15. As a result, Mitsubishi Heavy Industries, Ltd. is not a citizen of South Carolina. As evidenced by the consent form attached hereto and incorporated herein as Exhibit D, Mitsubishi Heavy Industries, Ltd. consents to removal of this action.

18. Upon information and belief, defendant Mitsubishi Heavy Industries America, Inc. is a Delaware corporation with its principal place of business located in Texas. *See* Compl., Ex. A, at ¶ 9. As a result, Mitsubishi Heavy Industries America, Inc. is not a citizen of South Carolina. As evidenced by the consent form attached hereto and incorporated herein as Exhibit E, Mitsubishi Heavy Industries America, Inc. consents to removal of this action.

19. Upon information and belief, defendant Hitachi, Ltd. is a Japanese corporation with its principal place of business located in Tokyo, Japan. *See* Compl., Ex. A, at ¶ 16. As a result, Hitachi, Ltd. is not a citizen of South Carolina. As evidenced by the consent form attached hereto and incorporated herein as Exhibit F, Hitachi, Ltd. consents to removal of this action only on the condition that it does not concede that it has been properly or sufficiently served with any pleading in this case, and it expressly does not waive its right to object to service of process and personal jurisdiction.

20. Upon information and belief, defendant Hitachi America, Ltd. is a New York corporation with its principal place of business located in New York. *See* Compl., Ex. A, at ¶ 10.

As a result, Hitachi America, Ltd. is not a citizen of South Carolina. As evidenced by the consent form attached hereto and incorporated herein as Exhibit G, Hitachi America, Ltd. consents to removal of this action.

21. Upon information and belief, defendant Mitsubishi-Hitachi Metals Machinery, Inc. was a Japanese corporation with its principal place of business located in Tokyo, Japan that formed defendant Primetals Technologies Limited as a joint venture with Siemens AG (a German corporation with its principal place of business located in Munich, Germany) and no longer exists. *See* Compl., Ex. A, at ¶ 13 ("Defendant Mitsubishi-Hitachi Metals Machinery, Inc. *was* a foreign corporation whose principal place of business *was* Tokyo, Japan.") (emphasis added). As a result, Mitsubishi-Hitachi Metals Machinery, Inc. is not a citizen of South Carolina. As evidenced by the consent form attached hereto and incorporated herein as Exhibit H, Mitsubishi-Hitachi Metals Machinery, Inc. consents to removal of this action.

22. Upon information and belief, defendant Mitsubishi-Hitachi Metals Machinery USA, Inc. was a Delaware corporation that changed its name to defendant Primetals Technologies USA Holdings, Inc. and no longer exists. *See id.* at ¶ 8 ("Defendant Mitsubishi-Hitachi Metals Machinery USA, Inc. … *was* a Pennsylvania corporation….") (emphasis added). As a result, Mitsubishi-Hitachi Metals Machinery USA, Inc. is not a citizen of South Carolina.

23. Upon information and belief, defendant Primetals Technologies Limited is a British private limited company with its principal place of business located in London, England. *See id.* at ¶ 14. None of the members of Primetals Technologies Limited is a citizen of South Carolina. As a result, Primetals Technologies Limited is not a citizen of South Carolina. As evidenced by the consent form attached hereto and incorporated herein as Exhibit I, Primetals Technologies Limited consents to removal of this action.

24. Upon information and belief, defendant Primetals Technologies USA Holdings, Inc. was a Delaware corporation that merged into defendant Primetals Technologies USA LLC and no longer exists. *See* Compl., Ex. A, at ¶ 12 ("Defendant Primetals Technologies Holdings USA, Inc. … *was* a Delaware corporation….") (emphasis added). As a result, Primetals Technologies USA Holdings, Inc. is not a citizen of South Carolina.

25. Upon information and belief, defendant Primetals Technologies USA LLC (and Primetals Technologies USA LLC, as successor by merger to defendant Primetals Technologies USA Holdings, Inc.) is a Delaware limited liability corporation. *See id.* at ¶ 11. Upon information and belief, the sole member of Primetals Technologies USA LLC is Primetals Technologies Japan Ltd., a Japanese corporation with its principal place of business located in Hiroshima, Japan. As a result, Primetals Technologies USA LLC is not a citizen of South Carolina. As evidenced by the consent form attached hereto and incorporated herein as Exhibit B, Primetals Technologies USA LLC consents to removal of this action.

26. Defendants KPS Special Situations Fund L.P., Gencoat, Inc., Genesis Worldwide, Inc., Mitsubishi-Hitachi Metals Machinery, Inc., Mitsubishi-Hitachi Metals Machinery USA, Inc., and Primetals Technologies USA Holdings, Inc. (collectively, the "Nominal Defendants") either merged into other defendants or are defunct or dissolved entities against which Plaintiff could not recover and which are not necessary or indispensable parties to the action. As a result, the Nominal Defendants are nominal parties whose consent to removal is not required. *See, e.g., Ross Dev. Corp. v. Fireman's Fund Ins. Co.*, No. 2:08–03672–MBS, 2009 WL 10682341, slip op. at *2 (D.S.C. May 26, 2009) (citation omitted) ("The nominal party exception to the rule of

unanimity is that 'nominal or formal parties, being neither necessary nor indispensable, are not required to join in the notice of removal.'").[2]

27. Additionally, upon information and belief, the Nominal Defendants have not been—and could not be—properly served and, as a result, their consent to removal is not required. 28 U.S.C. § 1446(b)(2)(A) ("When a civil action is removed solely under section 1441(a), all defendants who have been properly joined *and served* must join in or consent to the removal of the action.") (emphasis added).[3]

28. Finally, the state court docket in this case, a true and correct current copy of which is attached hereto as Exhibit J, shows that Plaintiff did not file affidavits of compliance with the Clerk of Court as required by South Carolina Code §15-9-245(c) to establish service of the Summons and Complaint on the Nominal Defendants (or, for that matter, any defendants, including, but not limited to, Genesis II).[4] As a result, the Court should reject any argument that Plaintiff purportedly served the Nominal Defendants, and the Nominal Defendants' consent to

---

[2] *See also, e.g.*, *N. Ill. Gas Co. v. Airco Indus. Gases, Div. of Airco, Inc.*, 676 F.2d 270, 272 (7th Cir. 1982) ("Nominal parties … are disregarded for removal purposes and need not join in the petition.") (citation omitted); *Mich. Dep't of Transp. v. Allstate Painting & Contracting Co.*, No. 2:08-CV-286, 2009 WL 891702, at *1 (W.D. Mich. Mar. 31, 2009) (holding that a "defunct corporation" is "a nominal party not capable of concurring in the removal of this action"); *Wallis v. S. Silo Co.*, 369 F. Supp. 92, 96-97 (N.D. Miss. 1973) (holding that "a bankrupt corporation[] has no real interest in the outcome of [the] action" and is thus a nominal party "not required to join in the removal of the action").

[3] *See also, e.g.*, *Mungo v. Enter. Bank of South Carolina*, Nos. 2:11-cv-0089-CWH, 2:11-cv-0482-CWH, 2011 WL 13214542, slip op. at *4 (D.S.C. Sept. 26, 2011) ("[A] defendant cannot consent to the removal of a case in which it has not been served."); 14C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3731 (4th ed. 2010) (explaining that only "properly served defendants who are not nominal parties must join in the notice of removal").

[4] "Proof of service must be by affidavit of compliance with this section and filed, together with a copy of the process, with the clerk of court in which the action or proceeding is pending. There must be filed with the affidavit of compliance the return receipt signed by the foreign business or nonprofit corporation or other official proof of delivery...." S.C. Code § 15-9-245(c).

removal is not required. *See, e.g.*, *Mungo*, 2011 WL 13214542, slip op. at *4 (rejecting plaintiff's argument that the case should be remanded because a defendant did not consent to removal where plaintiff failed to file an affidavit of compliance with the Clerk of Court pursuant to South Carolina Code § 15-9-245(c)).

*Amount in Controversy*

29.     Although the Complaint does not quantify the specific amount of damages sought by Plaintiff, it does allege that Plaintiff suffered "catastrophic injuries to his right hand" and "has incurred $622,046.54 in ascertainable medical expenses for treatment causally related to and necessitated by the Defendants' negligence."  Compl., Ex. A, at ¶¶ 26, 51.

30.     The Complaint further alleges that Plaintiff "has lost income, incurred medical expenses, endured extensive pain, mental anguish, suffering and discomfort; suffers from disability for a period of time, past and future; has an inability to carry on normal activities; incurred permanent injuries; sustained emotional trauma and distress; and, experiences loss of enjoyment of life, and suffered other damages which are ongoing."  *Id.* at ¶ 30.

31.     In short, a fair reading of the Complaint demonstrates that the amount in controversy in this action exceeds $75,000, exclusive of interest and costs.  Therefore, upon information and belief, the amount in controversy requirement for diversity jurisdiction is satisfied.

*Removal Procedures*

32.     Removal of this action is timely under 28 U.S.C. § 1446(b) because Genesis II has filed this Notice of Removal within thirty (30) days of when Plaintiff purportedly served Genesis II with the Summons and Complaint.

33. Removal is properly made to this Court under 28 U.S.C. § 1441(a) because Richland County, where this action is currently pending, is within the Columbia Division of the District of South Carolina. *See* 28 U.S.C. §121(2).

34. As set forth above:

   (a) This Notice of Removal is timely.

   (b) This Notice of Removal is authorized by 28 U.S.C. §§ 1332, 1441, and 1446.

   (c) There is complete diversity of all non-nominal parties.

   (d) Consent to removal from all non-nominal defendants has been obtained.

   (e) The amount in controversy satisfies the necessary jurisdictional requirement.

35. Genesis II will file written notice of the filing of this Notice of Removal with the Clerk of Court of the Court of Common Pleas for the Fifth Judicial Circuit, Richland County, South Carolina concurrently with the filing of this Notice of Removal and will serve the same on Plaintiff pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, by this Notice of Removal, defendant Genesis Worldwide II, Inc. hereby removes this action from the Court of Common Pleas for the Fifth Judicial Circuit, Richland County, South Carolina to this Court, and requests that this action proceed as properly removed to this Court to the exclusion of any further proceedings in state court.

Date:  May 21, 2018                     K&L GATES LLP

                                        /s/ Tara C. Sullivan
                                        Tara C. Sullivan (Federal ID # 11095)
                                        tara.sullivan@klgates.com
                                        134 Meeting Street, Suite 500
                                        P.O. Box 22092 (29413-2092)
                                        Charleston, SC 29401
                                        Telephone: 843-579-5600

Facsimile: 843-579-5601

Of Counsel:
David G. Klaber
dave.klaber@klgates.com
Jared S. Hawk
jared.hawk@klgates.com
Sarah A. Bronder
sarah.bronder@klgates.com
K&L Gates Center
210 Sixth Avenue
Pittsburgh, PA 15222
Telephone: 412-355-6500
Facsimile: 412-355-6501

*Counsel for defendant Genesis Worldwide II, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on May 21, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

| | |
|---|---|
| J. Clarke Newton<br>Allison P. Sullivan<br>Bluestein Thompson Sullivan, LLC<br>1614 Taylor Street<br>P.O. Box 7965<br>Columbia, SC 29202<br><br>*Counsel for plaintiff Eddie Lane* | Jay T. Thompson<br>Nelson Mullins Riley & Scarborough LLP<br>1320 Main Street, 17th Floor<br>P.O. Box 11070<br>Columbia, SC 29201<br><br>*Counsel for defendants Hitachi Ltd. and Hitachi America, Ltd.* |
| Jonathan A. Berkelhammer<br>Scottie F. Lee<br>Ellis & Winters LLP<br>300 North Greene Street, Suite 800<br>Greensboro, NC 27401<br><br>*Counsel for defendants New Gencoat, Inc. and Primetals Technologies USA, LLC* | John T. Lay, Jr.<br>Alice Price Adams<br>Gallivan, White & Boyd, P.A.<br>P.O. Box 7368<br>Columbia, SC 29202<br><br>*Counsel for defendants New Gencoat, Inc. and Primetals Technologies USA, LLC* |
| Brooks Miller<br>Bowman & Brooke LLP<br>1441 Main Street<br>Suite 1200<br>Columbia, SC 29201<br><br>*Counsel for defendants Mitsubishi Heavy Industries, Ltd. and Mitsubishi Heavy Industries America, Inc.* | Brian L. Friedman<br>Pegasus Capital Advisors<br>850 Third Avenue<br>New York, NY 10022<br><br>*Counsel for defendant Pegasus Partners II L.P.* |

/s/ Tara C. Sullivan_____
Tara C. Sullivan