ELECTRONICALLY FILED - 2018 Mar 28 5:21 PM - RICHLAND - COMMON PLEAS - CASE#2018CP4001758

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br>COUNTY OF RICHLAND<br><br>Eddie Lane,<br><br>        Plaintiff,<br><br>vs.<br><br>New Gencoat, Inc., Genesis Worldwide II Inc., Pegasus Partners II L.P., KPS Special Situation Funds L.P., Gencoat Inc., Genesis Worldwide Inc., Mitsubishi Heavy Industries, Ltd, Mitsubishi Heavy Industries America, Inc., Hitachi Ltd, Hitachi America,Ltd, Mitsubishi-Hitachi Metals Machinery, Inc, Mitsbuishi-Hitachi Metals Machinery USA, Inc. , Primetals Technologies Ltd. , Primetals Technologies USA Holdings, Inc., and Primetals Technologies USA LLC,<br><br>        Defendants. | ) IN THE COURT OF COMMON PLEAS FOR<br>) THE FIFTH JUDICIAL CIRCUIT<br>)<br>) C.A. FILE NO.: 2017-CP-40-_____<br>)<br>)<br>)<br>)<br>)             SUMMONS<br>)         (Jury Trial Demanded)<br>)<br>)<br>)<br>)     RECEIVED<br>)<br>)     APR 2 3 2018<br>)<br>)     SC SECRETARY<br>)       OF STATE<br>)<br>) |

TO THE DEFENDANTS ABOVE NAMED:

    YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, of which a copy is herewith served upon you, and to serve a copy of your Answer to the Complaint on the undersigned, Bluestein Thompson Sullivan, LLC, 1614 Taylor Street, Post Office Box 7965, Columbia, South Carolina, 29202, within THIRTY (30) DAYS after the service hereof, exclusive of the date of such service; and if you fail to appear and defend this action within the time aforesaid, judgment by default will be rendered against you for the relief demanded in the Complaint.

Exhibit A

ELECTRONICALLY FILED - 2018 Mar 28 5:21 PM - RICHLAND - COMMON PLEAS - CASE#2018CP4001758

Respectfully Submitted,

s/J. Clarke Newton
J. Clarke Newton, Esq.
Allison P. Sullivan, Esq.
BLUESTEIN THOMPSON SULLIVAN, LLC
1614 Taylor Street
Post Office Box 7965
Columbia, South Carolina 29202
(803) 779-7599 telephone
(803) 771-8097 (Facsimile)
Attorney for the Plaintiff

March 28, 2018
Columbia, South Carolina

ELECTRONICALLY FILED - 2018 Mar 28 5:21 PM - RICHLAND - COMMON PLEAS - CASE#2018CP4001758

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br>COUNTY OF RICHLAND | ) IN THE COURT OF COMMON PLEAS<br>) FOR THE FIFTH JUDICIAL CIRCUIT<br>) |
| Eddie Lane<br>            Plaintiff, | )<br>) C.A. FILE NO.: 2018-CP-40-_____<br>) |
| vs. | )<br>) |
| New Gencoat, Inc., Genesis<br>Worldwide II Inc., Pegasus Partners II<br>L.P., KPS Special Situation Funds L.P.,<br>Gencoat Inc., Genesis Worldwide<br>Inc., Mitsubishi Heavy Industries, Ltd,<br>Mitsubishi Heavy Industries America,<br>Inc., Hitachi Ltd, Hitachi America,Ltd,<br>Mitsubishi-Hitachi Metals Machinery,<br>Inc, Mitsbuishi-Hitachi Metals<br>Machinery USA, Inc. , Primetals<br>Technologies Ltd. , Primetals<br>Technologies USA Holdings, Inc., and<br>Primetals Technologies USA LLC, | ) COMPLAINT<br>) (Jury Trial Demanded)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

The Plaintiff, complaining of the Defendants, would respectfully show unto this Court the following:

## I. PARTIES, JURISDICTION AND VENUE

1. Plaintiff Eddie Lane is a citizen and resident of Richland County, South Carolina.

2. Upon information and belief, Defendant Gencoat, Inc. (hereinafter "Gencoat") was a Wisconsin corporation transacting business in South Carolina through interstate commerce.

3. Upon information and belief, Defendant Genesis Worldwide Inc. (hereinafter "GW") was a Ohio corporation who transacted business in South Carolina through interstate commerce.

4. Upon information and belief, Defendant Genesis Worldwide II Inc. (hereinafter "GWII") is a Delaware corporation transacting business in South Carolina through interstate commerce.

5. Upon information and belief, Defendant New Gencoat, Inc. (hereinafter "New Gencoat") is a Delaware corporation transacting business in South Carolina through interstate commerce.

6. Upon information and belief, Defendant Pegasus Partners II L.P. (hereinafter "Pegasus") is a Delaware limited partnership transacting business in South Carolina through interstate commerce.

7. Upon information and belief, Defendant KPS Special Situation Funds L.P (hereinafter "KPS") is a Delaware limited partnership transacting business in South Carolina through interstate commerce.

8. Upon information and belief, Defendant Mitsubishi-Hitachi Metals Machinery USA, Inc. (hereinafter "MHMM USA") was a Pennsylvania corporation who transacted business in South Carolina through interstate commerce.

9. Upon information and belief, Defendant Mitsubishi Heavy Industries America, Inc. (hereinafter "Mitsubishi Heavy USA") is a Delaware corporation who transacts business in South Carolina through interstate commerce.

10. Upon information and belief, Defendant Hitachi America, Ltd (hereinafter "Hitachi America") is a New York corporation who transacts business in South Carolina through interstate commerce.

11. Upon information and belief, Defendant Primetals Technologies USA LLC (hereinafter "Primetals USA") is a Delaware limited liability corporation

ELECTRONICALLY FILED - 2018 Mar 28 5:21 PM - RICHLAND - COMMON PLEAS - CASE#2018CP4001758

registered in South Carolina and doing business in Huger, South Carolina.

12. Upon information and belief, Defendant Primetals Technologies Holdings USA, Inc. (hereinafter "Primetals USA Holdings") was a Delaware corporation who transacted business in South Carolina through interstate commerce.

13. Upon information and belief, Defendant Mitsubishi-Hitachi Metals Machinery, Inc. (herein after "MHMM") was a foreign corporation whose principal place of business was Tokyo, Japan. MHMM was the parent organization of MHMM USA.

14. Upon information and belief, Defendant Primetals Technologies, Ltd (herein after "Primetals") is a foreign corporation with a principal place of business in London, England. Primetals is the parent company of Primetals USA and Primetals USA Holdings and transacts business in South Carolina through interstate commerce. Primetals Ltd is subject to the jurisdiction of this Court and may be served with Summons and Complaint by service by mailing a copy of registered mail to Primetals Ltd pursuant to The Convention on the Service Abroad of Judicial or Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention"), by serving an executive officer, agent, or employee at the following address: Chiswick Park Building 11, 556 Chiswick High Road, London, W4 5YS, United Kingdom.

15. Upon information and belief, Defendant Mitsubishi Heavy Industries, Ltd (hereinafter "Mitsubishi Heavy") is a foreign corporation with a principal place of business in Tokyo, Japan. Mitsubishi Heavy is the parent company of Mitsubishi Heavy USA, Mitsubishi Metals, Mitsubishi Metals USA, Primetals LTD, Primetals Holdings, and Primetals USA and transacts business in South Carolina through

ELECTRONICALLY FILED - 2018 Mar 28 5:21 PM - RICHLAND - COMMON PLEAS - CASE#2018CP4001758

interstate commerce. Mitsubishi Heavy is subject to the jurisdiction of this Court and may be served with Summons and Complaint by service by mailing a copy of registered mail to Mitsubishi Heavy pursuant to The Convention on the Service Abroad of Judicial or Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention"), by serving an executive officer, agent, or employee at the following address: 16-5 Konan 2-chome, Minato-ku Tokyo 108 8215, Japan.

16. Upon information and belief, Defendant Hitachi, Ltd (hereinafter "Hitachi") is a foreign corporation with a principal place of business in Tokyo, Japan. Hitachi is the parent company of Hitachi USA, Mitsubishi Metals, Mitsubishi Metals USA, Primetals LTD, Primetals Holdings, and Primetals USA and transacts business in South Carolina through interstate commerce. Hitachi is subject to the jurisdiction of this Court and may be served with Summons and Complaint by service by mailing a copy of registered mail to Mitsubishi Heavy pursuant to The Convention on the Service Abroad of Judicial or Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention"), by serving an executive officer, agent, or employee at the following address: 6-6, Marunouchi 1-chome, Chiyoda-ku, Tokyo, 100-8280, Japan.

17. That Defendants, upon information and belief, are all interrelated entities and all are joint and severally liable for the actions contained herein.

18. This Court has jurisdiction over the Defendants because Defendants have transacted business in South Carolina; contracted to supply services or things in South Carolina; caused tortious injury in South Carolina by an act or omission outside South Carolina while regularly doing or soliciting business, or engaging in

persistent course of conduct in South Carolina, or deriving substantial revenue from goods used or consumed in South Carolina; entered into a contract to be performed in whole or in part by either party in South Carolina; and/or produced, manufactured, or distributed goods with the reasonable expectation that those goods were to be used or consumed in South Carolina, and those goods were so used by the Plaintiff pursuant to South Carolina law including the South Carolina Long Arm Statute. S.C. Code Ann. §§ 36-2-802 and 803(2018).

19. The Defendants conducted business in South Carolina and were involved in the business of and/or chain of the design, manufacture, assembly, sale, and distribution for sale of industrial metal processing machinery, including the manufacturing, sale and delivery of the subject machine (herein after "coater machine") to Consolidated Systems, Inc (hereinafter "CSI") in Columbia, S.C. which caused injury to the Plaintiff in South Carolina.

## II. FACTUAL ALLEGATIONS RELEVANT TO ALL CAUSES OF ACTION

20. The Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully set forth and alleges as follows:

21. Prior to April 6, 2015, the Plaintiff Eddie Lane had worked for over a decade with CSI.

22. Plaintiff's official work title at the time of this incident was a prime coater.

23. Plaintiff was responsible for the maintenance of the coater rolls, including the coater machine manufactured by the Defendants.

24. On April 6, 2015, the Plaintiff was at work for CSI in the area of the Defendants' coater machine.

ELECTRONICALLY FILED - 2018 Mar 28 5:21 PM - RICHLAND - COMMON PLEAS - CASE#2018CP4001758

25. That while engaged in his assigned job, Plaintiff's right hand became stuck in the exposed "nip point" between the two rollers of the Defendants' coater machine and he was unable to remove it.

26. As a result of the Plaintiff's exposure to the nip point, the Plaintiff suffered catastrophic injuries to his right hand.

27. The coater machine Plaintiff encountered at CSI was the model manufactured and sold by Defendants.

28. The coater machine was not reasonably safe as constructed when it was manufactured by the Defendants; was not reasonably safe as designed when it left the control of the Defendants; failed to comply with express and implied warranties; and was not reasonably safe due to lack of adequate warnings or instructions by the Defendants.

29. At the time the Defendants designed and manufactured the machine, it was technically and economically feasible to have designed and manufactured the subject coater machine in a safe manner, and to have provided adequate warnings and instructions that would have prevented or greatly lessened the Plaintiff Eddie Lane's injuries.

30. The Plaintiff has lost income, incurred medical expenses, endured extensive pain, mental anguish, suffering and discomfort; suffers from disability for a period of time, past and future; has an inability to carry on normal activities; incurred permanent injuries; sustained emotional trauma and distress; and, experiences loss of enjoyment of life, and suffered other damages which are ongoing.

31. That the injuries and damages suffered by the Plaintiffs are due to and

ELECTRONICALLY FILED - 2018 Mar 28 5:21 PM - RICHLAND - COMMON PLEAS - CASE#2018CP4001758

proximately caused by the negligent and reckless conduct of the Defendants as set forth below.

### III. FOR A FIRST CAUSE OF ACTION
(Strict Products Liability)

32. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully set forth and further alleges as follows:

33. The Defendants are or have been engaged in the business of designing, manufacturing, distributing, producing, inspecting, and/or selling products such as the subject coater machine.

34. Defendants designed, manufactured, distributed, sold, or placed into South Carolina's stream of commerce the subject coater machine.

35. The subject coater machine was expected to and did reach the user or consumer without substantial change in the condition in which it was sold.

36. At the time the machine was manufactured and/or constructed it was not reasonably safe as constructed to the user for reasons including, but not limited to, the following:

   A. The machine exposed users, including the Plaintiff Eddie Lane, to an unguarded hazard that could cause serious injury to the user of the subject coater machine;

   B. The machine failed to provide an adequate safety guard or bar proximate to the location of the "bite" or "nip" points of the machine;

   C. The machine was unsafe beyond that which would be contemplated by the ordinary user.

ELECTRONICALLY FILED - 2018 Mar 28 5:21 PM - RICHLAND - COMMON PLEAS - CASE#2018CP4001758

ELECTRONICALLY FILED - 2018 Mar 28 5:21 PM - RICHLAND - COMMON PLEAS - CASE#2018CP4001758

D.  Defendants failed to consider the impact of product features on the overall safety of their equipment when used by the intended population;

E.  The machine failed to prevent unguarded contact;

F.  At the time of manufacture, the likelihood that the product would cause injury or damage similar to that sustained by the Plaintiff, and the seriousness of such injury or damage outweighed the burden of the manufacturer to design the machine that would have prevented the injury or damage and outweighed adverse effect that an alternative design that was practical and feasible would have on the usefulness of the product; or

G.  The machine failed to display adequate warnings and the Defendants failed to properly warn or instruct foreseeable users of the machine; and

H.  In any other manner determined during discovery.

37. The coater machine's defective and unreasonably dangerous condition as manufactured, distributed, and/or sold outweighed the utility of the product as manufactured, distributed, and/or sold and was the direct and proximate cause of the injuries and damages to the Plaintiff.

38. A feasible alternative design for the coater machine existed in one or more of the following manners:

A.  Elimination of the nip point; and/or

B.  Implementation of a safer nip point including but not limited to the implementation of a guard; and/or

C.  In any other manner determined during discovery.

39. Implementation of feasible alternative design would have prevented the product

from becoming unreasonably dangerous.

40. That as a direct and proximate result of the defective and unreasonably dangerous condition of the subject machine, Plaintiff suffered the injuries and damages complained of and as such the Defendants are strictly liable to Plaintiff for injuries and damages.

### IV. FOR A SECOND CAUSE OF ACTION
(Negligence)

41. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully set forth and further alleges as follows:

42. The Plaintiff is informed and believes that the Defendants were negligent, willful, wanton, careless, reckless and grossly negligent in the design, manufacturing and selling of a coating machine :

   A. Without adequate guarding and/or other safety device of exposed pinch points which therefore rendered the coating machine unreasonably dangerous;

   B. Defendants knew or should have known when building and/or maintaining the coater machine that it was designed defectively, creating an unreasonable risk of injury to the intended users of the products, such as the Plaintiff;

   C. Without an adequate warning plate which conformed to accepted engineering criteria affixed to the machine to alert the owner and operator that the pinch-points were un-guarded and that the gravity of the risk was death or serious personal injury creating a clear and

ELECTRONICALLY FILED - 2018 Mar 28 5:21 PM - RICHLAND - COMMON PLEAS - CASE#2018CP4001758

immediate danger to Plaintiff;

D. Without adequate operator instructions;

E. Without positive pressure or deadman controls which would stop the ascent of the nip cradle;

F. Without adequately testing the subject roller so as to eliminate or minimize the exposed pinch-points;

G. In failing to design a coater machine within the standards of the industry;

H. It negligently failed to recall the roller which it had sold, and knew was unusable in the field or supply modification kits, or launch a warning campaign, or take any other step which a reasonably prudent manufacturer would have taken to alert owners, users or others of the hazards of operation which it knew, or should have known, existed subsequent to the date of sale; and

I. Any other manner determined during discovery.

43. The Defendants careless, negligent, willful, wanton, reckless, and unlawful acts were the direct and proximate cause of the injuries and damages to the Plaintiff.

44. As a result of one or more of these wrongful acts or omissions of the Defendants, the Plaintiff suffered catastrophic injuries and damages as alleged herein.

V. FOR A THIRD CAUSE OF ACTION
(Breach of Expressed and Implied warranty)

45. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully set forth and further alleges as follows:

46. At all times relevant hereto, including after the sale and up to the time of the

ELECTRONICALLY FILED - 2018 Mar 28 5:21 PM - RICHLAND - COMMON PLEAS - CASE#2018CP4001758

incident complained herein upon the sale of the coater machine, the Defendants expressly and/or impliedly warranted that the aforesaid coater machine was properly designed, assembled, manufactured, and/or installed and were of merchantable quality, reasonably fit and safe for purposes for which they were intended to be used.

47. That the coater machine was defective, unreasonably dangerous; that the coater machine breached the aforesaid implied and express warranties.

48. That as a direct and proximate result of the violation of express and implied warranties, the Plaintiff suffered the injuries and damages complained of herein.

49. As a result of one or more of these wrongful acts or omissions of the Defendants, the Plaintiff suffered catastrophic injuries and damages as alleged herein.

## VI. FOR A FOURTH CAUSE OF ACTION
(Pre-Judgment Interest)

50. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully set forth and further alleges as follows:

51. Plaintiff Eddie Lane has incurred $622,046.54 in ascertainable medical expenses for treatment causally related to and necessitated by the Defendants' negligence.

52. Plaintiff contends he is entitled to pre-judgment interest on any amounts recovered for past medical expenses.

WHEREFORE, the Plaintiffs pray for relief as follows:

  A. For judgment against the Defendants, for actual damages to be determined by the jury;

  B. For judgment against the Defendants, for punitive damages in an amount to be determined by the jury;

C.     For the costs of this action; and

D.     For such other and further relief as this Court may deem just and proper.

Respectfully Submitted,

s/J. Clarke Newton
J. Clarke Newton, Esq.
Allison P. Sullivan, Esq.
BLUESTEIN THOMPSON SULLIVAN, LLC
1614 Taylor Street
Post Office Box 7965
Columbia, South Carolina 29202
(803) 779-7599 telephone
(803) 771-8097 (Facsimile)
Attorneys for the Plaintiff

March 28, 2018
Columbia, South Carolina

ELECTRONICALLY FILED - 2018 Mar 28 5:21 PM - RICHLAND - COMMON PLEAS - CASE#2018CP4001758