IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Eddie Lane,  Plaintiff, v. New Gencoat, Inc., Gencoat, Inc., Genesis Worldwide, Inc., Defendants. | Civil Action No. 3:18-cv-01386-JMC  **ORDER AND OPINION** |

Plaintiff Eddie Lane filed an action against Defendants New Gencoat, Inc., ("New Gencoat") Gencoat, Inc., ("Gencoat") and Genesis Worldwide, Inc., ("Genesis") seeking to recover damages for catastrophic injuries to his right hand while using a coater machine. (ECF No. 46 at 1.) The matter before the court is Plaintiff's Motion to Compel Defendants' responses to interrogatories and requests for production. (ECF No. 55.)

For the reasons set forth below, the court **GRANTS** Plaintiff Eddie Lane's Motion to Compel (ECF No. 55) for Interrogatory Nos. 12, 19, 21, 22 and for Request for Production Nos. 9, 10.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On April 23, 2018, Plaintiff filed a Complaint in the Court of Common Pleas, Richland County, South Carolina. (ECF No. 1-1 at 1.) While working as a prime coater, Plaintiff's hand became stuck in an exposed "nip point" between two rollers on the coater machine. (ECF Nos. 1-1 at 8 ¶ 22-25; 46 at 4 ¶¶ 26-30.) Plaintiff alleges that the coater machine was not reasonably safe as constructed when it was manufactured, not reasonably safe as designed, not reasonably safe due to lack of adequate warnings or instructions, and failed to comply with express and implied

1

warranties. (ECF Nos. 1-1 at 8 ¶¶ 28, 29; 40 at 4-5 ¶¶ 32, 33.) On May 21, 2018, Defendants filed a Notice of Removal. (ECF No. 1.)

On July 2, 2018, Plaintiff filed an Amended Complaint under Fed. R. Civ. P. 15 to revise the opposing parties to the above-captioned Defendants. (ECF No. 25.)

On September 19, 2018, the court issued a scheduling order with a discovery plan due by February 7, 2019, and the parties agreed to limit discovery to the issue of successor liability. (ECF No. 40 at ¶¶ 1-3.)

On October 1, 2018, Plaintiff filed a Second Amended Complaint under Fed. R. Civ. P. 15(a)(2) that included causes of action for successor liability (ECF No. 46 at 5), strict liability (*Id.* at 6), negligence (*Id.* at 9), breach of expressed and implied warranties (*Id.* at 10), and pre-judgment interest (*Id.* at 11).

On January 1, 2019, Plaintiff filed a Motion to Compel information related to the manufacturing date of the coater machine and "any evidence that Defendant New Gencoat had an ongoing business relationship with Plaintiff's employer regarding the subject machine." (ECF No. 55 at 5-6.)[1]

On February 12, 2019, Defendants filed a Response in Opposition claiming that the information requested by Plaintiff exceeds the scope of issues related to successor liability. (ECF No. 56.)

On February 19, 2019, Plaintiff filed a Reply to Defendants' Response in Opposition asserting that the discovery at issue is relevant to successor liability under South Carolina product-liability law. (ECF No. 57.)

---

[1] The record shows that, pursuant to the rules of this court, the parties communicated about the requested information before filing this motion. (*See* ECF No. 55-3 at 1-3.)

## II. LEGAL STANDARD

The amendment to Fed. R. Civ. P. 26 provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). The scope of discovery permitted by Fed. R. Civ. P. 26 is designed to provide a party with information reasonably necessary to afford a fair opportunity to develop its case. *Nat'l Union Fire Ins. Co. of Pittsburgh, P.A. v. Murray Sheet Metal Co., Inc.*, 967 F.2d 980, 983 (4th Cir. 1992).

Fed. R. Civ. P. 33(b)(3) requires that each interrogatory must, to the extent there is no objection, be answered separately and fully in writing under oath. Fed. R. Civ. P. 34(a)(1)(A) permits a party to serve upon any other party a request within the scope of Rule 26(b) to produce and permit the requesting party to inspect, copy, test, or sample any designated tangible things. Fed. R. Civ. P. 34(b)(2)(B) requires that for each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the requests, including the reasons.

Fed. R. Civ. P. 37 states that "[o]n notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). "For purposes of [Rule 37(a)], an evasive or incomplete disclosure, answer, or response

must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). Specifically, a party "may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). Broad discretion is given to a district court's decision to grant or deny a motion to compel. *See, e.g., Lone Star Steakhouse & Saloon, Inc., v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995).

"The scope and conduct of discovery are within the sound discretion of the district court." *Columbus–Am. Discovery Grp. v. Atl. Mut. Ins. Co.*, 56 F.3d 556, 568 n.16 (4th Cir. 1995); *see also Carefirst of Md, Inc. v. Carefirst Pregnancy Ctrs.*, 334 F.3d 390, 402 (4th Cir. 2003) ("Courts have broad discretion in [their] resolution of discovery problems arising in cases before [them]." (alternations in original and internal quotation marks omitted)).

### III. ANALYSIS

The Supreme Court of South Carolina has recognized that "corporate law generally favors the free transfer of assets and disfavors successor liability." *Nationwide Mutual Ins. Co. v. Eagle Window & Door, Inc.*, 818 S.E.2d 447, 454 (S.C. 2018).

In a product-liability action, the test for successor liability of a company that purchased assets of an unrelated company is well-established: "In the absence of statute, in order to render a purchasing company liable for the debts of the selling corporation, it must appear: (a) [t]hat there was an agreement to assume such debts; (b) the circumstances surrounding the transaction must warrant a finding that there was a consolidation of the two corporations; (c) or that the purchasing corporation was a mere continuation of the selling corporation; or (d) that the transfer was pretensive of the transaction fraudulent in fact." *Brown v. American Ry. Exp. Co.*, 123 S.E. 97, 98-99 (S.C. 1924); *see also Simmons v. Mark Lift Indus., Inc.*, 622 S.E.2d 213, 215 (S.C. 2005).

4

According to the Court, the burden is an intentionally high, but it also acknowledged the need to balance corporate law protections with corporate liability: "[South Carolina's] successor liability doctrine affords protection for plaintiffs . . . where corporate sale is driven . . . to escape the predecessor's liabilities and obligations. Where the changing of corporate hats is tainted by such fraudulent intent, the successor corporation remains liable, even when the test for mere continuation is not otherwise satisfied." *Nationwide*, 818 S.E.2d at 454-55.

Plaintiff seeks to compel answers to the following interrogatories and requests for production from Defendants. The court addresses each below:

> A. **Plaintiff's Interrogatory No. 12:** Identify whether [New Gencoat] manufactures the same type or similar machine as the subject machine and date the machine was first manufactured.

(ECF No. 56-1 at 14.)

The Court's Ruling

Plaintiff alleges that after Genesis and Gencoat entered bankruptcy in 2001, KPS Special Situation Funds and Pegasus Partners II purchased and reorganized the companies as Genesis Worldwide II and New Gencoat. (ECF No. 46 at 3-4 ¶ 22.) Plaintiff also claims that Mitsubishi Heavy Industries, Ltd. and Hitachi, Ltd., "under their subsidiary [Mitsubishi-Hitachi Metals Machinery USA, Inc.], bought New Gencoat . . . [and] continu[ed] to market New Gencoat under the GFG-Peabody name." (*Id.* at 3-4 ¶¶ 21-23.) Further, Plaintiff alleges that: "In 2015 MHMM merged with another company to form Primetals Technologies, Ltd., New Gencoat, d/b/a GFG Peabody Corporation, was part of this merger." (*Id.* at 4 ¶ 24.)

Plaintiff alleges that in 2000 and 2001, Gencoat, a subsidiary of Genesis, manufactured and delivered the coater machine at issue to Plaintiff's employer, Consolidated Steel, Inc., "under its GFG-Peabody name." (*Id.* at 3 ¶ 21.)

New Gencoat objects and asserts that "this interrogatory . . . is not reasonably calculated to lead to the discovery of admissible evidence in that whether New Gencoat manufactures the same or similar machine[s] as the machine that is subject of this action is not relevant to the issue of successor liability." (ECF No. 55-2 at 15.)[2]

To be sure, South Carolina's successor liability doctrine is narrow but it is not restricted entirely:

> We recognize that the mere continuation test is a strict one, but we temper our holding by noting it is not completely inflexible. While commonality of ownership is a keystone of the analysis and almost always sufficient to establish mere continuation when paired with common directors and officers, *we stress control is an essential element as well*. Typically, ownership and control are found in tandem; however, *there may be instances where directors or officers – lacking ownership – exert such control and influence over a corporation that their continued presence after a corporate acquisition is sufficient to establish successor liability*.

*Nationwide*, 818 S.E.2d at 454-55 (emphasis added).

The court disagrees with New Gencoat's claim that the requested information exceeds the scope of discovery. Here, Plaintiff has alleged that "the predecessor corporations . . . [h]ad commonality of shareholders, officers, and/or directors who continued to exert control and influence in the successor [New Gencoat's] corporations . . . [and] [c]ontinued the same product line . . . ." (ECF No. 46 at 6 ¶ 38(A), (B).) This allegation is in line with the third provision under successor liability, i.e., "the successor company was a mere continuation of the predecessor." *Brown*, 123 S.E.2d 97.

---

[2] The court notes that the United States Supreme Court entered an order on April 29, 2015, stating that the amendments to Fed. R. Civ. P. 26 should be applied to cases filed before December 1, 2015, insofar as it is just and practicable. The order serves, in part, as a notice to parties of the Rule 26 commentary that provides, "[d]espite the [earlier] amendment and clarification, some lawyers and judges continued to misunderstand the rule. *By deleting the 'reasonably calculated' language* and stating the operative principle directly, it is hoped that the new language will correct any lingering misunderstanding." Fed. R. Civ. P. 26 ("Rules and Commentary") (emphasis added).

The interrogatory requests information proportional to the needs of the case and gives Plaintiff information reasonably necessary to develop his claim. *See Nat'l Union*, 967 F.2d at 983.

Therefore, the court **GRANTS** Plaintiff's Motion to Compel as to Interrogatory No. 12.

B. **Plaintiff's Interrogatory No. 19:** With respect to the design of the subject machine, please state: (a) the full name and address of the entity which designed it; (b) the inclusive dates of design; and (c) the full name, current residence and business address of the person having primary responsibility for design and if no single person had such responsibility, then identify the department and design team which designed the machine.

(ECF No. 56-1 at 18.)

The Court's Ruling

New Gencoat objects and argues that the interrogatory "exceeds the scope of discovery regarding the issue of successor liability." (ECF No. 55-2 at 20.) The court disagrees.

In the products liability context, "discovery of similar, if not identical, models is generally permitted." *Hartsock v. Goodyear Dunlop Tires N. Am. LTD*, No. 2:13-CV-00419-PMD, 2013 WL 6919715, at *8 (D.S.C. Nov. 22, 2013) (quoting *Hofer v. Mack Trucks, Inc.,* 981 F.2d 377, 380-81 (8th Cir. 1992). As is mentioned above, Plaintiff alleges that there is continued control and influence in New Gencoat and in the same product line. (*See* ECF No. 46 at 6 ¶ 38(A), (B).) As such, the information requested is proportional to the needs of the case and it gives Plaintiff information reasonably necessary to develop his claim. *See Nat'l Union*, 967 F.2d at 983.

Therefore, the court **GRANTS** Plaintiff's Motion to Compel as to Interrogatory No. 19.

C. **Plaintiff's Interrogatory No. 21:** Please state the reason why 'Consolidated Metals' was listed as a creditor in the bankruptcy action involving [Gencoat] and if they continued as a creditor once New Gencoat became operational.

New Gencoat's objection is identical to the objection to Interrogatory No. 19. (ECF No. 55-2 at 20.) The court disagrees.

In *Nationwide*, the Court determined that "there may be instances where directors or officers—lacking ownership—exert such control and influence over a corporation that their continued presence after a corporate acquisition is sufficient to establish successor liability." 818 S.E.2d at 454. The information requested is proportional to Plaintiff's claim under successor liability concerning "continued presence" after New Gencoat's acquisition of Gencoat and Genesis.

Therefore, the court **GRANTS** Plaintiff's Motion to Compel as to Interrogatory No. 21.

D. **Plaintiff's Interrogatory No. 22:** Identify whether Defendant New Gencoat continued the same business relationship with any of [Gencoat's] and [Genesis'] former customers and if so, please state the names, addresses, and contact information of each.

(ECF No. 56-1 at 19.)

The Court's Ruling

New Gencoat's objection is identical to the objection to Interrogatory Nos. 19 and 20. (ECF No. 55-2 at 20.)

As the court mentioned above, Plaintiff has alleged that New Gencoat "continued the same product line, [w]ere a continuation of the predecessor enterprise, and [p]rovided for a continuity of general business operations. (ECF No. 25 at 6 ¶ 38(A), (B), (D).) The interrogatory requests information specific to establishing successor liability similar to the "continued presence" reasoning in Interrogatory No. 21.

Therefore, the court **GRANTS** Plaintiff's Motion to Compel as to Interrogatory No. 22.

E. **Plaintiff's Request for Production No. 9:** Please provide a copy of all records, memorandums, product safety bulletins, and agreements, including but not limited to service and maintenance agreements, between [Gencoat], [Genesis], and New Gencoat and Consolidated Incorporated (d/b/a as Consolidated Metals and/or C51) regarding the subject machine.

(ECF No. 55-2 at 31.)

The Court's Ruling

New Gencoat's objects and argues that "this request . . . exceeds the scope of discovery in that it is not limited to the issue of successor liability. (ECF No. 55-2 at 31.) The court disagrees.

The information sought is proportional to Plaintiff's claim that the successor, New Gencoat, is a mere continuation of the predecessor company. *See Nationwide*, 818 S.E.2d at 452. Given the high bar that Plaintiff must clear in this case, the information requested is reasonably necessary for Plaintiff to develop his claim. *See Nat'l Union*, 967 F.2d at 983.

Therefore, the court **GRANTS** Plaintiff's Motion to Compel as to Request for Production No. 9.

- **F. Plaintiff's Request for Production No. 10:** Please provide all company publications to include but not limited to product catalogs, brochures, product safety bulletins, advertisements, and/or financial statements distributed by [New Gencoat] to current, future, and/or former clients from the years 2001 to present.

(ECF No. 55-2 at 31.)

The Court's Ruling

New Gencoat's objection to Request for Production No. 10 is identical to the objection to Request for Production No. 9. (ECF No. 55-2 at 31.) The court disagrees for the same reasons laid out in Request for Production No. 9. The information sought is proportional to Plaintiff's claim that the successor, New Gencoat, is a mere continuation of the predecessor company. *See Nationwide*, 818 S.E.2d at 452. Given the high bar that Plaintiff must clear in this case, the information requested is reasonably necessary for Plaintiff to develop his claim. *See Nat'l Union*, 967 F.2d at 983.

Therefore, the court **GRANTS** Plaintiff's Motion to Compel as to Request for Production No. 10.

## IV. CONCLUSION

For the reasons set forth below, the court **GRANTS** Plaintiff Eddie Lane's Motion to Compel for Interrogatory Nos. 12, 19, 21, 22 and for Request for Production Nos. 9, 10. (ECF No. 55.) Defendants are directed to provide the requested information on or before October 10, 2019.

**IT IS SO ORDERED.**

United States District Judge

September 10, 2019
Columbia, South Carolina