IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| Eddie Lane, | ) | |
|---|---|---|
| | ) | Civil Action No. 3:18-cv-01386-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| New Gencoat, Inc., Gencoat, Inc., | ) | |
| Genesis Worldwide, Inc., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Eddie Lane filed an action against Defendants New Gencoat, Inc., ("New Gencoat") Gencoat, Inc., ("Gencoat") and Genesis Worldwide, Inc., ("Genesis") seeking damages for catastrophic injuries to his right hand caused by a coater machine. (ECF No. 46 at 1.) The matter before the court is Defendants' Motion for Summary Judgment on the issue of successor liability. (ECF No. 62.) For the reasons set forth below, the court **DENIES** Defendants' Motion for Summary Judgment (ECF No. 62).

**I. FACTUAL AND PROCEDURAL BACKGROUND**

While cleaning a coating machine with a wet rag, Plaintiff's hand was pulled into an exposed "pinch point" between two rollers. (ECF Nos. 1-1 at 8 ¶¶ 22–25; 46 at 4 ¶¶ 26–30; 62-5 at 2.) On April 23, 2018, Plaintiff filed a Complaint in the Court of Common Pleas, Richland County, South Carolina, alleging that the coater machine was not reasonably safe as constructed when it was manufactured, not reasonably safe as designed, not reasonably safe due to lack of adequate warnings or instructions, and failed to comply with express and implied warranties. (ECF Nos. 1-1 at 1, 8 ¶¶ 28, 29; 40 at 4–5 ¶¶ 32, 33.) On May 21, 2018, Defendants filed a Notice of Removal. (ECF No. 1.) On October 1, 2018, Plaintiff filed an Amended Complaint pursuant to

1

Fed. R. Civ. P. 15(a)(2) to add causes of action for successor liability, strict liability, negligence, breach of express and implied warranties, and pre-judgment interest (ECF No. 46 at 5–6, 9–11.)

Defendants filed a Motion for Summary Judgment on the issue of successor liability on April 10, 2019, asserting that Plaintiff's claims fail under South Carolina's law, and therefore, because "successor liability is the sole basis for Plaintiff's claims against [Defendants]," summary judgment is appropriate. (ECF No. 62 at 5, 10.) In particular, Defendants claim that Plaintiff's "mere continuation" claim is baseless as he cannot show "commonality of ownership." (*Id*. at 5–6 (citing *Nationwide Mutual Ins. Co. v. Eagle Window & Door, Inc.*, 818 S.E.2d 447, 454 (S.C. 2018).) The parties timely filed a Response and a Reply (ECF Nos. 68, 75), but the court granted Plaintiff's Motion to Compel additional discovery on September 10, 2019 (ECF No. 81), which allowed the parties to amend their briefs. (*Compare* ECF Nos. 65, 68 *with* ECF Nos. 86, 89.) Accordingly, on November 18, 2019, Plaintiff filed an Amended Memorandum in Opposition to Defendants' Motion, claiming that there are genuine issues of material fact "specific to the question of the mere continuation exception to successor liability and additional claims of post-manufacturing duties[.]" (ECF No. 86 at 14.) Defendants' Amended Reply, filed on November 25, 2019, contends that Plaintiff "conflates 'control' with merely performing similar duties for two different companies." (ECF No. 89 at 5.) On February 20, 2020, the court heard oral arguments from the parties in support and in opposition of Defendants' Motion for Summary Judgment. (ECF No. 99.)

## II. LEGAL STANDARD

A federal court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[S]ummary judgment is proper 'if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)). In a summary judgment motion, "[a] court must take care to resolve all factual disputes and any competing, rational inferences in the light most favorable to the party opposing that motion." *Rossignol v. Voorhaar*, 316 F.3d 516, 523 (4th Cir. 2003) (internal quotation marks omitted). In other words, "[a]t the summary judgment stage, facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (citing Fed. R. Civ. P. 56(c)). Nevertheless, "the nonmoving party . . . must offer some 'concrete evidence from which a reasonable juror could return a verdict in his [or her] favor.'" *Williams v. Genex Servs., LLC*, 809 F.3d 103, 109 (4th Cir. 2015) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986)). Summary judgment is therefore appropriate "when the nonmoving party has the burden of proof on an essential element of her case and does not make, after adequate time for discovery, a showing sufficient to establish that element." *Id*. (citing *Celotex Corp.*, 477 U.S. at 322–23).

At the summary judgment stage, a factual dispute raised by a non-moving party must be genuine and material. *See* Fed. R. Civ. P. 56(a). To determine if a fact is "material," the court is guided by the substantive law at issue, which identifies the facts that are material and those that "might affect the outcome of the suit." *Anderson*, 477 U.S. at 248. The United States Supreme Court noted that the "substantive law" identifies "which facts are critical and which facts are irrelevant[.]" *Id.* In short, a fact is material if proof of its existence or nonexistence affects outcome of the case. *See Anderson*, 477 U.S. at 248. A fact is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. The mere existence of "some

alleged factual dispute" is insufficient to defeat a well-supported summary judgment motion. *See id.* at 247–48. "A dispute over irrelevant or unnecessary facts will not preclude summary judgment, but the presence of unresolved factual issues that are material to the outcome of the litigation mandates a denial of summary judgment." *GSGSB, Inc. v. N.Y. Yankees*, 862 F. Supp. 1160, 1170 (S.D.N.Y. 1994) (citations omitted); *Anderson*, 477 U.S. at 249–50 (stating that summary judgment may be granted when the evidence is merely "colorable" or "not significantly probative").

### III. DISCUSSION

A. <u>The Parties' Arguments</u>

Defendants claim that, to impose successor liability under a theory of "mere continuation" in South Carolina, there must be a substantial commonality of officers, shareholders, and directors. (ECF No. 62 at 2.) In short, Defendants point out that

> [T]he owners of Gencoat did not become owners of New Gencoat[.] Rather, on December 12, 2001, Genesis Worldwide II purchased certain assets of Gencoat. As of that date, Genesis Worldwide II was owned by two companies[;] Blue Coil LLC and ING US LLC. [] Genesis Worldwide II then assigned the purchased assets of Gencoat to New Gencoat.

(*Id.* at 10 (citing ECF No. 62-3 at 3 ¶¶ 6–7).) As such, However, "because there is no substantial commonality between New Gencoat and Gencoat, Plaintiff's claim must fail." (*Id.* at 9.)

Plaintiff contends that New Gencoat is a mere continuation of Gencoat because, despite a lack of ownership, "Gencoat officers exert[ed] sufficient control and influence over New Gencoat to establish corporate liability regardless of the circumstances surrounding the acquisition of Gencoat." (ECF No. 86 at 4–5.)

B. <u>The Court's Ruling</u>

The Supreme Court of South Carolina has recognized that "corporate law generally favors the free transfer of assets and disfavors successor liability." *Nationwide*, 818 S.E.2d at 454. In a

4

product-liability action, the test for successor liability of a company that purchased assets of an unrelated company is well-established:

> In the absence of [a] statute, in order to render a purchasing company liable for the debts of the selling corporation, it must appear: (a) [t]hat there was an agreement to assume such debts; (b) the circumstances surrounding the transaction must warrant a finding that there was a consolidation of the two corporations; (c) or that the purchasing corporation was a mere continuation of the selling corporation; or (d) that the transfer was pretensive of the transaction fraudulent in fact.

*Brown v. American Ry. Exp. Co.*, 123 S.E. 97, 98-99 (S.C. 1924); *Simmons v. Mark Lift Indus., Inc.*, 622 S.E.2d 213, 215 (S.C. 2005). While the burden is intentionally high, the Court acknowledged a need to balance corporate protections with corporate liability:

> We recognize that the mere continuation test is a strict one, but we temper our holding by noting it is not completely inflexible. While commonality of ownership is a keystone of the analysis and almost always sufficient to establish mere continuation when paired with common directors and officers, *we stress control is an essential element as well*. Typically, ownership and control are found in tandem; however*, there may be instances where directors or officers – lacking ownership – exert such control and influence over a corporation that their continued presence after a corporate acquisition is sufficient to establish successor liability*.

*Nationwide*, 818 S.E.2d at 454–55 (emphasis added).

As to Defendants' contention that "there is no evidence that Mr. [Alan] Roehrig asserted the level of control needed to overcome the 'high burden' of the mere continuation test" (ECF No. 89 at 5), the court disagrees and finds that a genuine issue of material fact exists regarding the issue commonality of ownership. Here, the parties provide a detailed corporate background regarding the September 2001 bankruptcy of Gencoat and the formation of New Gencoat. (ECF Nos. 68-4 at 1–3; 68-5 at 9–10; 68-6 at 1–2.) Mr. Roehrig testified about his employment at Gencoat and New Gencoat from 1991 to 2009, stating:

Q: At what point were you promoted to be president?

A: Approximately 1991.

5

Q: Did you serve on a board of directors during this period of time?

A: I did not.

Q: Okay. So, who was making decisions on how the company was operated at this point?

A: The day-to-day operations?

Q: Correct.

A: Me.

(ECF No. 68-3 at 8.)

Q: Were you aware of any other board of directors at Gencoat at this point?

A: Gencoat didn't have a board of directors.

Q: Okay. So, you were the guy?

A: I was responsible for the day-to-day operations, correct.

(*Id.* at 9.)

Q: After KPS and Pegasus took over, how did your job change, if at all?

A: I continued as president of the company.

Q: Okay. Did your day-to-day job responsibilities change?

A: Did not.

. . .

Q: Do you know anything about who – the specific ownership structure of New Gencoat after the purchase?

. . .

Q: By KPS and Pegasus?

A: The structure of New Gencoat?

Q: Yes.

>A: It didn't change.

(*Id.* at 11–12.)

>Q: On behalf of Gencoat, could you've entered into contracts between Gencoat and customers?
>
>A: Yes.
>
>Q: While you were president of Gencoat?
>
>A: Yes.
>
>Q: Okay. Would you've also have had that same authority while you were president of New Gencoat?
>
>A: Yes.

(*Id.* at 18.) It is unclear if "the ultimate decision-making authority as to running these entities belong[ed] to Mr. Roehrig." (ECF No. 86 at 12–13.) Moreover, the record shows that the Gencoat and New Gencoat corporate structure is ambiguous, i.e., the existence of a board of directors (*Id.* at 8; 68-8 at 1–7; 68-9 at 1–4), and whether an ownership interest held post-bankruptcy amounts to common shareholder interest in New Gencoat (*Id.* at 6–7; 68-7 at 1–24). Therefore, the court finds that there is a genuine dispute of a material fact as to whether there is mere continuation and the record provides "concrete evidence from which a reasonable juror could return a verdict" in Plaintiff's favor. *Williams*, 809 F.3d at 109 (quoting *Anderson*, 477 U.S. at 256). Accordingly, the court is compelled to deny Defendants' Motion and to allow discovery to proceed for all of Plaintiff's claims against Defendants.

## IV. CONCLUSION

After a thorough review of Defendants' Motion (ECF No. 62), Plaintiff's Amended Memorandum in Opposition (ECF No. 86), and the parties' arguments before the court (ECF No. 99), the court **DENIES** Defendants New Gencoat, Inc., Gencoat, Inc., and Genesis Worldwide,

Inc.'s Motion for Summary Judgment on the issue of successor liability (ECF No. 62).

    **IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

March 27, 2020
Columbia, South Carolina